**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

VIOLETA SANCHEZ,                                                **Docket No.:** 3:22-cv-01396-SRU

        Plaintiff,

v.

JPMORGAN CHASE BANK, N.A.;
EQUIFAX INFORMATION SERVICES, LLC;
EXPERIAN INFORMATION SOLUTIONS, INC.;
and TRANS UNION, LLC,

        Defendants.

_____/

---

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S OPPOSITION TO
CRA DEFENDANTS' MOTION TO DISMISS**

---

**TARIQ LAW PC**
Subhan Tariq, Esq.
99 Park Avenue, Suite 1100
New York, NY 10016
Telephone: (212) 804-9095
Email: subhan@tariqlaw.com
*Attorney for Plaintiff*

## **TABLE OF CONTENTS**

INTRODUCTION ........................................................................................................................ 1

RELEVANT FACTS.................................................................................................................... 2

ARGUMENT ............................................................................................................................... 3

   A.   PLAINTIFF'S CLAIM IS BASED ON THE OBJECTIVELY AND VERIFIABLY
INACCURATE REPORTING OF THE STATUTE OF LIMITATIONS ................................... 3

      a.   Plaintiff's claim passes the statutory inaccuracy test put forth in *Mader* ....................... 3

      b.   Misleading reporting has potentially adverse effects....................................................... 5

CONCLUSION............................................................................................................................ 9

## <u>TABLE OF AUTHORITIES</u>

**Cases**

Boggio v. USAA Fed. Savings Bank, 696 F. 3d 611, 617 (6th Cir. 2012)...................................... 6

Carvalho v. Equifax Info Serv., *L.L.C,* 629 F. 3d 876...................................................................... 7

Cohen v. Equifax Info. Servs., LLC, No. 1:18-CV-6210 (JSR) (KHP), 2019 U.S. Dist. LEXIS
66476, at *2 (S.D.N.Y. Apr. 17, 2019) ..................................................................................... 4

Cortez v. Trans Union, L.L.C., 617 F. 3d 688, 709 (3rd Cir. 2010 ................................................ 6

Drew v. Equifax Info. Serv., LLC 690 F. 3d 1100 (9th Cir. 2012)................................................. 7

Erickson v. First Advantage Background Servs. Corp., 981 F. 3d 1246, 1252 (11th Cir. 2020) .... 6

Florence v. Experian Info. Sols., Inc., 775 Fed. Appx. 308, 309 (9th Cir. 2019) .......................... 7

Gorman v. Wolpoff & Abramson, L.L.P., ....................................................................................... 6

Jenkins v. AmeriCredit Fin. Servs., No. 14-cv-5687 (SJF)(AKT), 2017 U.S. Dist. LEXIS 57560
(E.D.N.Y. Feb. 14, 2017 ........................................................................................................... 4

Khan v. Equifax Info. Serv, L.L.C., 2019 WL 2492762, at *3 (E.D.N.Y., June 14, 2019)............. 6

Koropoulos v. Credit Bur., Inc., 734 F. 2d 37,40 (D.C. Cir. 1984) ............................................... 7

Llewellyn v. Allstate Home Loans, Inc., 711 F. 3d 1173, 1186 (10th Cir. 2013).......................... 6

Mader v. Experian Info. Sols., Inc., 56 F.4th 264 (2d Cir. 2023)......................................... 1, 3, 4

Pinner v. Schmidt, 805 F. 2d 1258, 1262 (5th Cir. 1986) .............................................................. 7

Pittman v. Experian Info. Sols., Inc., 901 F. 3d 619 (6th Cir. 2018)............................................. 7

Schweitzer v. Equifax Info. Sols. L.L.C. 441 Fed Appx. 896 (3rd Cir. 2011)............................... 6

Seamans; Wenning v. On-Site Manager, Inc., 2016 WL 3538379, at *14 (S.D.N.Y. June 22,
2016)......................................................................................................................................... 8

Sepulvado v. CSC Credit Serv., Inc., 158 F. 3d 890, 895 (5th Cir. 1998 ...................................... 7

Sessa v. Trans Union LLC, No. 22-87 (2d Cir.)............................................................................. 5

Shaw v. Experian Info Sols., 891 F. 3d 749, 756 (9th Cir. 2018) .................................................. 7

Shimon v. Equifax Info. Servs, LLC, 994 F. 3d 88,91 (2d Cir. 2021 ............................................ 6

Shimon v. Equifax Info. Servs. LLC, 994 F.3d 88 (2d Cir. 2021 ................................................... 3

Thompson v. San Antonio Retail Merchants Ass'n, 682 F. 2d 509 (5th Cir. 1982)....................... 7

Twumasi-Ankrah v. Checkr, Inc., 954 F. 3d 938, 943 (6th Cir. 2020 ........................................... 6

Wenning v. On-Site Manager, Inc. 2016 WL 3538379, at *12, n. 18.  (S.D.N.Y. June 22, 2016).. 8

Wright v. Experian Info. Sols., Inc., 805 F.3d 1232 (10th Cir. 2015 ............................................ 3


**Statutes**

1681(i)............................................................................................................................................. 4

1681e(b) .......................................................................................................................................... 6

## INTRODUCTION

Plaintiff Violetta Sanchez ("Plaintiff") commenced this action in the United States District Court for the District of Connecticut on November 3, 2022, alleging violations of the Fair Credit Reporting Act ("FCRA") by JPMorgan Chase Bank, N.A. ("Chase"), Equifax Information Services, LLC ("Equifax"), Experian Information Solutions ("Experian"), and Trans Union, LLC ("Trans Union") (hereinafter referred collectively as the "CRA Defendants"). Plaintiff's claims rest on the basis of the CRA Defendants' violation of the FCRA by failing to report the expiration of the statute of limitations on Plaintiff's Chase account, despite having actual knowledge of the expiration. CRA Defendants argue that Plaintiff's claim is a legal, not factual, inaccuracy, as required by the FCRA. The CRA Defendants fail to recognize that since they had *actual knowledge* of the expiration, the reports thereafter are both inaccurate and misleading and thus prohibited by the FCRA. The CRA Defendants' continuous recklessness in their reporting of misleading information could lead to harmful consequences on Plaintiff's future credit obtainment.

Further, the CRA Defendants misconstrue Plaintiff's assertion of inaccurate reporting of the statute of limitations with a claim that Plaintiff's debt should not be reported at all. Plaintiff is aware of the law surrounding statutes of limitation and has made no such claim. Plaintiff has shown, and we will reiterate hereafter in this memorandum, that the expiration of the statute of limitations is a fact verifiable via Chase's letters to Plaintiff – letters which the CRA Defendants had access to yet chose to disregard. This fact therefore constitutes a resolved legal question, despite the CRA Defendants refusing to acknowledge it as such. Given this inaccuracy, it cannot be disputed that the CRA Defendants have a duty to reinvestigate and then adjust the report based on the "readily verifiable and straightforward application of law to facts" Mader v. Experian Info. Sols., Inc., 56 F.4th 264 (2d Cir. 2023). The reports thereafter should reflect the expiration of the

statute of limitations and make it clear that Chase would not be able to sue and subsequently collect the debt owed. Plaintiff makes no assertion that the debt does not exist – that accusation has been solely conjured up by the CRA Defendants in an attempt to disparage Plaintiff's argument that they have violated the FCRA.

## **RELEVANT FACTS**

Plaintiff received debt collection letters, dated August 18, 2020, July 19, 2021, July 27, 2022, respectively from Chase. These debt collection letters informed Plaintiff in no uncertain terms that the statute of limitations had expired on the Chase account. The letters read in relevant part:

THE LAW LIMITS HOW LONG YOU CAN BE SUED ON A DEBT. EVEN IF YOU MAKE A PAYMENT, BECAUSE OF THE AGE OF YOUR DEBT, WE WILL NOT SUE YOU FOR IT. IF YOU DO NOT PAY THE DEBT, WE MAY CONTINUE TO REPORT IT TO THE CREDIT REPORTING AGENCIES.

However, Plaintiff obtained her credit reports from Experian, Equifax, and Trans Union and saw that her credit reports did not accurately state the expiration of the statute of limitations. Plaintiff sent dispute letters to each CRA Defendant on February 24, 2020, September 1, 2020, and September 7, 2021, respectively, informing each consumer reporting agency of the inaccuracy of the status of the Chase account, specifically that the CRA Defendants were not reporting the expiration of the statute of limitations. Plaintiff attached the aforementioned Chase letters to each dispute. However, the CRA Defendants each sent investigation results unlawfully and inaccurately verifying that the inaccurate status of the Chase account was in fact accurate and continued reporting the misleading information.

## ARGUMENT

### A.  PLAINTIFF'S CLAIM IS BASED ON THE OBJECTIVELY AND VERIFIABLY INACCURATE REPORTING OF THE STATUTE OF LIMITATIONS

#### a.  Plaintiff's claim passes the statutory inaccuracy test put forth in *Mader*

The FCRA requires credit reporting agencies to engage in reasonable procedures to ensure the maximum possible accuracy of the information it reports. While "accuracy" is not defined in the FCRA, courts such as the one in *Mader* have looked to the ordinary meaning of the word. "The word 'accuracy' is defined as 'freedom from mistake or error' or 'conformity to truth or to some standard or model.' Webster's Third New International Dictionary 13-14 (1971)." Mader v. Experian Info. Sols., Inc., 56 F.4th 264, 269 (2d Cir. 2023). The court goes on to say "This definition requires a focus on objectively and readily verifiable information. This is consistent with our prior holding requiring that an inaccuracy be 'patently incorrect or . . . misleading.'" *Id*. quoting Shimon v. Equifax Info. Servs. LLC, 994 F.3d 88 (2d Cir. 2021). The information reported by the CRA Defendants in omitting the expiration of the statute of limitations falls under the "objectively and readily verifiable information" because it was **actually known** that the statute of limitations had expired because of the letters Chase had sent to Plaintiff which clearly stated such.

In *Mader*, the plaintiff had essentially asked the credit reporting agencies to resolve the legal issue of whether his loans were erased through his bankruptcy claim. *Id*. The court therefore held that the reasonable procedures as required by the FCRA do "not require [credit reporting agencies] to resolve legal disputes about the validity of the underlying debts they report." *Id.* quoting Wright v. Experian Info. Sols., Inc., 805 F.3d 1232 (10th Cir. 2015). However, the court continues, holding "if a legal question is sufficiently settled so that the import on a particular debt is readily and objectively verifiable, the FCRA sometimes requires that the implications of that decision be reflected in credit reports." *Id*. In our case, the Plaintiff is making no such request of

3

the CRA Defendants. The legal issue has been objectively and verifiably settled and resolved by the numerous Chase letters admitting the expiration of the statute of limitations. The CRA Defendants are attempting to draw a comparison between *Mader*'s obviously unresolved legal question and Plaintiff's objectively verifiable factual inaccuracy by insinuating that Plaintiff does not understand the case law surrounding this issue and is asking the CRA Defendants play the role of a court. This completely erroneous claim ignores the evidence put forth by Chase – and by Plaintiff in the dispute letters – in which they say in no uncertain terms that the statute of limitations has in fact expired. Therefore, such expiration is not being disputed at all because it is instead representative of simple facts regarding Plaintiff's debt.

The CRA Defendants should be aware that it is well within reasonable procedures and is actually required by the FCRA in § 1681(i) for the credit reporting agencies to reinvestigate information disputed in the plaintiff's letters. Courts in this circuit have held that a credit reporting agency can be held liable for "…violations of the FCRA and New York's FCRA by failing to follow reasonable procedures to assure maximum possible accuracy of the information in her consumer report and *failing to comply with reinvestigation requirements upon being notified of inaccuracies in her consumer report*." (Cohen v. Equifax Info. Servs., LLC, No. 1:18-CV-6210 (JSR) (KHP), 2019 U.S. Dist. LEXIS 66476, at *2 (S.D.N.Y. Apr. 17, 2019) *emphasis added*. Further, "[i]f a consumer disputes information contained in his credit report to a CRA, the CRA is required to notify the entity that furnished the disputed information of the consumer's dispute." (Jenkins v. AmeriCredit Fin. Servs., No. 14-cv-5687 (SJF)(AKT), 2017 U.S. Dist. LEXIS 57560 (E.D.N.Y. Feb. 14, 2017). Since the CRA Defendants were notified of the inaccuracies in Plaintiff's report, they were required under FCRA § 1681(i) to complete reinvestigation into

4

alleged inaccuracies. The omission of the expiration and subsequent inaccurate reporting is thus a violation of the FCRA.

Further, the actual line between a factual and legal inaccuracy has become blurred. A recent amicus brief for <u>Sessa v. Trans Union LLC</u>, No. 22-87 (2d Cir.) by the Consumer Financial Protection Bureau ("CFPB") discussed the arbitrary nature of making the distinction between a factual and legal inaccuracy, stating that "Many, if not all, inaccuracies in consumer reports could be characterized as legal, which would create an exception that would swallow the rule, effectively rendering section 1681e(b) a nullity." (*Sessa*, 23). The CFPB goes on to say that the trial court in *Sessa* erred in characterizing the inaccuracy of a falsely reported outstanding balloon payment as a legal inaccuracy because of a contractual dispute and concluded that this interpretation of what constitutes a legal inaccuracy could therefore encompass almost all inaccuracies pertaining to debt. (*Sessa,* 24). The CFPB's argument pertains directly to this case and highlights that to discern between factual and legal inaccuracies is wholly arbitrary, and therefore, even though the CRA Defendants are arguing that the debt is a question of law and therefore not protected under the FCRA, the legality or factualness of the debt essentially does not even matter as long as it is inaccurate, and therefore falls under the governing rule of misleading and adversely effecting credit decisions. (*Sessa*, 29). Therefore, even though it is clearly shown that since the CRA Defendants had actual knowledge of the fact that the statute of limitations passed, even if they did not, the inaccuracy would still fall within the bounds of the FCRA.

   **b.  <u>Misleading reporting has potentially adverse effects</u>**

The FCRA requires more than technical or literal accuracy; it requires "maximum possible accuracy" of the information concerning the individual about whom the report relates.  All federal Courts of Appeal considering the issue have adopted this "maximum possible accuracy" approach,

which holds that a credit item can be incomplete or inaccurate within the meaning of the FCRA either because it is patently incorrect or because it is misleading "in such a way and to such an extent that it can be expected to adversely affect their credit decisions." See Shimon v. Equifax Info. Servs, LLC, 994 F. 3d 88,91 (2d Cir. 2021) (adopting standard, quoting with approval Khan v. Equifax Info. Serv, L.L.C., 2019 WL 2492762, at *3 (E.D.N.Y., June 14, 2019) that "the overwhelming weight of authority holds that a credit report is inaccurate either when it is patently incorrect or when it is misleading in such a way and to such an extent that it can be expected to have an adverse effect"); Erickson v. First Advantage Background Servs. Corp., 981 F. 3d 1246, 1252 (11th Cir. 2020) ("to reach 'maximum possible accuracy,' information must be factually true and also unlikely to lead to a misunderstanding"; report is inaccurate if it "contains factually correct information but nonetheless misleads its users as to its meaning or implication"); Twumasi-Ankrah v. Checkr, Inc., 954 F. 3d 938, 943 (6th Cir. 2020) ("although we are not bound by the law of our sister circuits, we find it noteworthy that every circuit to have considered whether to apply a technical-accuracy standard under Section 1681e(b) has declined to do so and has instead adopted an 'accurate or misleading' standard"; Llewellyn v. Allstate Home Loans, Inc., 711 F. 3d 1173, 1186 (10th Cir. 2013) (FCRA prohibition "extends not only to false information, which 'is clearly inaccurate,' but to information provided 'in such a manner as to create a materially misleading impression' as well"); Boggio v. USAA Fed. Savings Bank, 696 F. 3d 611, 617 (6th Cir. 2012) (FCRA violation when furnisher "provides information in such a manner as to create a materially misleading impression," citing Gorman and Saunders); Schweitzer v. Equifax Info. Sols. L.L.C. 441 Fed Appx. 896 (3rd Cir. 2011); Cortez v. Trans Union, L.L.C., 617 F. 3d 688, 709 (3rd Cir. 2010); Gorman v. Wolpoff & Abramson, L.L.P., 584 F. 3d 1147m 1163 (9th Cir. 2009) (report that is misleading to such an extent that it can be expected to adversely affect credit decisions violates

FCRA); Saunders v. Branch Bank & Trust Co., 526 F. 3d 142, 148 (4th Cir. 2008) ("a consumer report that contains technically accurate information may be deemed 'inaccurate' if the statement is presented in such a way that it creates a misleading impression"); Sepulvado v. CSC Credit Serv., Inc., 158 F. 3d 890, 895 (5th Cir. 1998); Pinner v. Schmidt, 805 F. 2d 1258, 1262 (5th Cir. 1986) (information was inaccurate "any person could easily have" misconstrued reporting); Koropoulos v. Credit Bur., Inc., 734 F. 2d 37,40 (D.C. Cir. 1984) ("[c]ertainly reports containing factually correct information that nonetheless mislead their readers are neither maximally accurate nor fair to the consumer who is the subject of their reports" within meaning of FCRA); Thompson v. San Antonio Retail Merchants Ass'n, 682 F. 2d 509 (5th Cir. 1982).  See also Florence v. Experian Info. Sols., Inc., 775 Fed. Appx. 308, 309 (9th Cir. 2019) (quoting Caroalho v. Equifax Info. Servs.); 773 Fed. Appx. 882 (9th Cir. 2019) (following *Gormasn*); Shaw v. Experian Info Sols., 891 F. 3d 749, 756 (9th Cir. 2018) (information is inaccurate if it is either patently incorrect or is misleading to such an extent that it can be expected to affect credit decisions; following *Gorman*); Pittman v. Experian Info. Sols., Inc., 901 F. 3d 619 (6th Cir. 2018) ("plaintiff can show that the information provided is false or that it contains a material omission or creates a materially misleading impression"; following *Boggio*); Kuns v. Ocwen Loan Serv., L.L.C., 611 Fed Appx. 398 (9th Cir. 2015) (interpreting California FCRA in same manner as federal Act; inaccurate information includes materially misleading as well as obviously wrong reports); Seamans v. Temple Univ., 744 F. 3d 853, 865 (3d Cir. 2014).

Courts have even held that information that is technically correct may be inaccurate if, through omission, it causes a materially misleading impression. See Drew v. Equifax Info. Serv., LLC 690 F. 3d 1100 (9th Cir. 2012); Carvalho v. Equifax Info Serv., *L.L.C,* 629 F. 3d 876 (9th Cir. 2010) rejecting technical accuracy; following *Gorman.* The CRA Defendants relentlessly point out

that Plaintiff's debt was not erased through the expiration of the statute of limitations. We are aware that this is technically true, and, again, Plaintiff is not contesting this fact. It would be much more beneficial, we believe, for all parties to instead turn their attention to how the omission of the expiration of the statute of limitations in the report gives the misleading impression that Chase may still sue for such debt, which is wholly inaccurate.

Further, the question of whether information is "materially misleading" is one for the finder of fact. "Whether technically accurate information was misleading in such a way and to such an extent that [it] can be expected to have an adverse effect is generally a question to be submitted to the jury, quoting Seamans; Wenning v. On-Site Manager, Inc., 2016 WL 3538379, at *14 (S.D.N.Y. June 22, 2016). For Courts following this standard, a Plaintiff need not prove that any recipient was actually misled by the information. Wenning v. On-Site Manager, Inc. 2016 WL 3538379, at *12, n. 18. (S.D.N.Y. June 22, 2016) (quoting *Dalton),* so long as it is misleading enough to be "objectively likely" to cause the intended user to take an adverse action. Therefore, the very issue of whether it is materially misleading must be determined by a finder of fact and not dismissed on a motion.

In our case, the omission of the expiration is materially misleading because of the impression it gives providers of credit and other users of the credit report. For example, credit grantors routinely disregard time-barred accounts when considering new credit granting decisions. Therefore, the lack of inclusion of the verifiable expiration of the statute of limitations can potentially have a harmful effect on Plaintiff's future credit obtainment. The CRA Defendants fail to recognize the real-life consequences their actions, or lack thereof, can have on consumers, like Plaintiff, who have fallen victim to the credit reporting agencies negligent behavior.

## <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff respectfully requests that this Court deny the CRA Defendants' motion to dismiss in its entirety.


Dated: March 9, 2023

Respectfully submitted,

_____
Subhan Tariq, Esq.
Tariq Law PC
**Attorney for Plaintiff**
99 Park Avenue, Suite 1100
New York, NY 10016
Telephone: (212) 804-9095
Email: subhan@tariqlaw.com

9

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on March 9, 2023, a copy of the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM-ECF System.

Dated: March 9, 2023

Respectfully submitted,

_____
Subhan Tariq, Esq.
Tariq Law PC
**Attorney for Plaintiff**
99 Park Avenue, Suite 1100
New York, NY 10016
Telephone: (212) 804-9095
Email: subhan@tariqlaw.com

10