# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

VIOLETA SANCHEZ,
        Plaintiff,

                                                            No. 3:22-cv-1396 (SRU)

        v.

JPMORGAN CHASE BANK, N.A., et al.,
        Defendants.

## ORDER ON MOTIONS TO DISMISS

Violeta Sanchez ("Sanchez") filed two claims of violations of the Fair Credit Reporting
Act ("FCRA") against her bank, JPMorgan Chase Bank, N.A. ("Chase"), and three credit
reporting agencies, Equifax Information Services, LLC ("Equifax"), Experian Information
Solutions, Inc. ("Experian"), and Trans Union, LLC ("Trans Union"). Sanchez brings her claims
pursuant to sections 1681s-2(b) and 1681i of the FCRA. The defendants have filed motions to
dismiss for failure to state a claim. *See* Doc. No. 26; Doc. No. 42. For the reasons set forth
below, the defendants' motions to dismiss are granted, and Sanchez's complaint is dismissed
with prejudice.

## I.      Standard of Review

"When deciding a motion to dismiss under Rule 12(b)(6), the court must accept the
material facts alleged in the complaint as true, draw all reasonable inferences in favor of the
plaintiffs, and decide whether it is plausible that plaintiffs have a valid claim for relief." *Zuro v.
Town of Darien*, 432 F. Supp. 3d 116, 121 (D. Conn. 2020) (citing *Ashcroft v. Iqbal*, 556 U.S.
662, 678-79 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *Leeds v. Meltz*, 85
F.3d 51, 53 (2d Cir. 1996)). However, "[w]here a conclusory allegation in the complaint
conflicts with a statement made in a document attached to the complaint, the document controls

and the allegation is not accepted as true." *Francis v. Carusso*, 2022 WL 16716172, at *10 (D. Conn. Nov. 4, 2022) (quoting *Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 607 F. Supp. 2d 500, 502 (S.D.N.Y. 2009)). Additionally, "[f]actual allegations must be enough to raise a right to relief above the speculative level," and a plaintiff's "formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

## II.    Background

This case involves a Fair Credit Reporting Act ("FCRA") action brought by Sanchez against defendants Chase, Equifax, Experian, and Trans Union. The latter three defendants are credit reporting agencies ("CRAs"). Sanchez sets forth two causes of action in her complaint: (1) violation of FCRA section 1681s-2(b) against Chase; and (2) violations of FCRA section 1681i against the CRA defendants. *See generally* Doc. No. 1.

Sanchez alleges that she received three debt collection letters from Chase regarding a delinquent account: one on August 18, 2020, one on July 19, 2021, and one on July 27, 2022. *Id.* at ¶¶ 19-23; *see also* Doc. No. 43-1 (defendants' attachment of August 18, 2020 and July 19, 2021 letters). According to Sanchez, all three debt collection letters informed Sanchez "that the statute of limitations had expired on [her] Chase account." *Id.* at ¶¶ 19-24; *see also* Doc. No. 43-1.[1] The letters state that "[t]he unpaid balance" on the account is "$9,455.28." Doc. No. 43-1. Additionally, in the letters, the bank offers Sanchez an opportunity to pay $2,364.71 so that the balance will be erased. *Id.* At the bottom of the letters is the following disclosure: "THE LAW LIMITS HOW LONG YOU CAN BE SUED ON A DEBT. EVEN IF YOU MAKE A PAYMENT, BECAUSE OF THE AGE OF YOUR DEBT, WE WILL NOT SUE YOU FOR IT.

---

[1] Because the plaintiff's complaint "relies heavily upon" the Chase collection letters' "terms and effect," those letters are "integral to the complaint." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002). Accordingly, I can consider the letters when ruling on the motions to dismiss. *Id.*

IF YOU DO NOT PAY THE DEBT, WE MAY CONTINUE TO REPORT IT TO THE CREDIT REPORTING AGENCIES."[2] *Id.*

Despite receiving those letters from Chase, Sanchez "ran her Equifax, Experian, and Trans Union credit reports and noticed that . . . Defendant Chase was not reporting the statute of limitations as being expired for the Chase account." *Id.* at ¶ 25. Sanchez alleges that all three CRA defendants are likely still reporting an inaccurate status for her account. *Id.* at ¶¶ 27-29.

Sanchez attempted to dispute the results of her credit reports with each of the CRA defendants, to no avail. She wrote to Equifax on February 24, 2020, September 1, 2020, and September 7, 2021, informing Equifax of the inaccuracy and requesting that Equifax remove the inaccurate information from her credit report. *Id.* at ¶¶ 30, 32, 34. In her September 1, 2020 correspondence, she "enclosed Chase's August 18, 2020 debt collection letter," and in her September 7, 2021 correspondence, she "enclosed Chase's July 19, 2021 debt collection letter." *Id.* at ¶¶ 32, 34. Equifax sent Sanchez the result of her dispute on September 24, 2021, concluding that the credit report was accurate. *Id.* at ¶ 35. Equifax's credit reports for Sanchez therefore do not report the expiration of the statute of limitations. *Id.*

Sanchez wrote to Experian on February 24, 2020 and September 1, 2020, disputing the results of her credit report and, in her September 2020 correspondence, enclosing the August 18, 2020 debt collection letter from Chase. *Id.* at ¶¶ 36-38. On October 2, 2020, Sanchez received the result of her dispute from Experian, in which Experian concluded that the credit report was accurate as is. *Id.* at ¶ 39. On September 7, 2021, Sanchez again disputed the Experian credit report, enclosing the July 19, 2021 Chase debt collection letter and requesting that Experian fix

---

[2] That language is standard language required by many states, including Connecticut. *See, e.g.*, Cal. Civ. Code § 1788.52; Tex. Fin. Code § 392.307; W. Va. Code § 46A-2-128. Connecticut requires a collector to include that exact disclosure when collecting on a debt that is "beyond the statute of limitations" but not past the FRCA date of obsolescence. Conn. Gen. Stat. § 36a-805(a)(14).

the inaccuracy. *Id*. at ¶ 40. Sanchez received the results of her dispute with Experian on October 20, 2021, in which Experian verified that the credit report was accurate. *Id*. at ¶ 41. Experian's credit reports therefore do not report the expiration of the statute of limitations. *Id*.

Sanchez wrote to Trans Union on February 24, 2020 to report the inaccuracy. *Id*. at ¶ 42. She received her dispute results from Trans Union on March 27, 2020, in which Trans Union verified the credit report as is. *Id.* at ¶ 43. On September 1, 2020, Sanchez again wrote to Trans Union, enclosing the August 18, 2020 debt collection letter from Chase. *Id*. at ¶ 44. She received dispute results from Trans Union on September 29, 2020, in which Trans Union again verified the credit report. *Id*. at ¶ 45. She wrote to Trans Union an additional time on September 7, 2021, enclosing the July 19, 2021 debt collection letter from Chase. *Id*. at ¶ 46. She again received dispute results from Trans Union on September 24, 2021 verifying the original credit report. *Id*. at ¶ 47. Trans Union's reports therefore do not report the expiration of the statute of limitations. *Id*.

## III.   Discussion

The defendants have filed motions to dismiss Sanchez's complaint for failure to state a claim. *See* Doc. No. 27; Doc. No. 43. As explained in further detail below, the defendants' motions are granted and Sanchez's complaint is dismissed.

Sanchez brings two principal FCRA claims against the defendants: a claim of violation of 15 U.S.C. § 1681s-2(b) against Chase, the furnisher of her information; and a claim of violation of 15 U.S.C. § 1681i against Equifax, Experian, and Trans Union, three CRAs. *See generally* Doc. No. 1. In its motion to dismiss, Chase argues that Sanchez failed to state a claim because she did not allege a factual inaccuracy. *See generally* Doc. No. 27. In their motion to dismiss, the CRA defendants similarly argue that the expiration of the statute of limitations is not a factual

inaccuracy, as well as that the CRA agencies do not have an obligation under the FRCA to verify that the statute of limitations had expired. *See generally* Doc. No. 43.

In her claim against Chase, Sanchez argues that Chase willfully, and in the alternative, negligently, violated section 1681s-2(b) of the FCRA. *See* Doc. No. 1 at ¶¶ 57-58. Sanchez brings her claim pursuant to a provision of the FCRA that provides a cause of action against a furnisher for information they report after they receive notice of a dispute from a CRA. *See* 15 U.S.C. § 1681s-2(b). Courts within this circuit have held that "[t]o state a claim against a furnisher under [section 1681s-2(b)], 'a consumer must show that (1) a furnisher received notice of a credit dispute from a [credit reporting agency] (as opposed to from the consumer alone) and (2) the furnisher negligently or willfully failed to conduct a reasonable investigation.'" *Tescher v. Experian Info. Sols., Inc.*, 2022 WL 564048, at *6 (S.D.N.Y. Feb. 23, 2022) (quoting *Ngambo v. Chase*, 2020 WL 1940553, at *3 (S.D.N.Y. Apr. 22, 2020)) (collecting cases). At the pleading stage, a plaintiff can claim that a furnisher "negligently or willfully failed to conduct a reasonable investigation" by alleging that a furnisher was notified by a CRA of an inaccuracy, that the furnisher failed to conduct a reasonable investigation and continued reporting the inaccuracy, and that the CRA then continued reporting the inaccuracy. *Id*. at *7.

In her claim against the CRA defendants, Sanchez argues that the CRA defendants willfully and negligently violated section 1681i of the Fair Credit Reporting Act. *See* Doc. No. 1 at ¶¶ 64-65; 15 U.S.C. § 1681i. Section 1681i outlines "procedures" CRAs must follow, "includ[ing] reinvestigating a consumer's record within a reasonable period of time after a consumer 'directly conveys' a dispute as to the 'completeness or accuracy of an item on his credit report' to the consumer reporting agency." *Khan v. Equifax Info. Servs., LLC,* 2019 WL 2492762, at *3 (E.D.N.Y. June 14, 2019). Section 1681i provides in relevant part that "if the

completeness or accuracy of any item of information contained in a consumer's file at a

consumer reporting agency is disputed by the consumer and the consumer notifies the agency

. . . of such dispute, the agency shall . . . conduct a reasonable reinvestigation to determine

whether the disputed information is inaccurate and record the current status of the disputed

information, or delete the item from the file" within 30 days of notice of the dispute. 15 U.S.C.

§ 1681i(a)(1)(A). The CRA must also provide "[p]rompt notice of [the] dispute to [the] furnisher

of information" and "review and consider all relevant information submitted by the consumer."

15 U.S.C. § 1681i(a)(2), (4). "If, after any reinvestigation . . . of any information disputed by a

consumer, an item of the information is found to be inaccurate or incomplete or cannot be

verified," the CRA is required to, *inter alia*, "promptly delete that item of information from the

file of the consumer, or modify that item of information, as appropriate, based on the results of

the reinvestigation." 15 U.S.C. § 1681i(a)(5)(A).

To bring her claims against both Chase and the CRA defendants, Sanchez must, as a

preliminary matter, allege an inaccuracy or an incompleteness that is materially misleading.

Indeed, "[a] prerequisite for any FCRA claim is that the challenged credit information is

incomplete or inaccurate." *Suluki v. Credit One Bank, NA*, 2023 WL 2712441, at *4 (S.D.N.Y.

Mar. 30, 2023) (quoting *Ostreicher v. Chase Bank USA, N.A.*, 2020 WL 6809059, at *3

(S.D.N.Y. Nov. 19, 2020)).

Pursuant to controlling precedent in this circuit, the FCRA's requirements regarding

information accuracy do not obligate furnishers and CRAs to make legal determinations

regarding unsettled law. In *Mader*, the Second Circuit held that "the FCRA does not require

credit reporting agencies to adjudicate legal disputes such as the post-bankruptcy validity of

Mader's educational loan debt." *Mader v. Experian Info. Sols., Inc*., 56 F.4th 264, 269 (2d Cir.

2023). The Second Circuit explained that "to prevail on a section 1681e claim[3] against a consumer reporting agency, it is necessary for a plaintiff to establish, among other things, that a credit report contains an inaccuracy." *Id.* (quoting *Shimon v. Equifax Info. Servs. LLC*, 994 F.3d 88, 91 (2d Cir. 2021)). To define the FCRA's use of "accuracy," the Second Circuit "look[ed] to its ordinary meaning found in 'contemporary dictionary definitions' from 1970 when the FCRA was enacted." *Id.* (citing *El Omari v. Int'l Crim. Police Org.*, 35 F.4th 83, 88 (2d Cir.), *cert. denied*, 143 S. Ct. 214 (2022)). The word was defined in 1971 "as 'freedom from mistake or error' or 'conformity to truth or to some standard or model.'" *Id.* (quoting Webster's Third New International Dictionary 13-14 (1971)). Accordingly, the Second Circuit concluded that accuracy "requires a focus on objectively and readily verifiable information." *Id.* The Second Circuit further concluded that "inaccuracies that turn on legal disputes are not cognizable under the FCRA." *Id.* at 270. Nevertheless, the Second Circuit explained that "if a legal question is sufficiently settled so that the import on a particular debt is readily and objectively verifiable, the FCRA sometimes requires that the implications of that decision be reflected in credit reports." *Id.* at 271. The Second Circuit acknowledged that this may "involve[] some knowledge of the legal impact of court decisions," but credit reporting agencies are not required to "resolve unsettled legal questions." *Id.*

A few months after the Second Circuit decided *Mader*, it issued *Sessa v. Trans Union, LLC*, in which it clarified *Mader*'s holding. 74 F.4th 38 (2d Cir. 2023). The Second Circuit wrote in *Sessa* that "[t]he question of whether a debt is objectively and readily verifiable will *sometimes*, as it did in *Mader*, involve an inquiry into whether the debt is the subject of a legal

---

[3] Section 1681e(b), the provision at issue in *Mader*, states that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b); *see also Mader*, 56 F.4th at 269.

dispute." *Id*. at 43. The Second Circuit clarified that "there is no bright-line rule,

providing . . . that only purely factual or transcription errors are actionable under the FCRA.

Rather, in determining whether a claimed inaccuracy is potentially actionable under section

1681e(b), a court must determine, *inter alia*, whether the information in dispute is 'objectively

and readily verifiable.'" *Id.*

   A. <u>Application</u>

   Sanchez challenges Chase's failure to inform the CRA defendants that the statute of

limitations lapsed on Sanchez's debts, as well as the CRA defendants' failure to update her credit

reports after viewing the disclaimer on Chase's debt collection letters. *See generally* Doc. No. 1.

   According to Sanchez's characterization of events, Chase sent Sanchez debt collection

letters informing her "that the statute of limitations had expired on the Chase account." Doc. No.

1 at ¶¶ 19-24. Contrary to Sanchez's assertion, however, the actual debt collection letters do not

make that representation. *See* Doc. No. 43-1. The letters contain a disclaimer mandated by statute

in circumstances in which a debt collector collects on a debt that is "beyond the statute of

limitations" but not past the FRCA date for obsolescence. *See* Conn. Gen. Stat. § 36a-805(a)(14).

Consistent with that statutory requirement, Chase's debt collection letters contain the following

language: "THE LAW LIMITS HOW LONG YOU CAN BE SUED ON A DEBT. EVEN IF

YOU MAKE A PAYMENT, BECAUSE OF THE AGE OF YOUR DEBT, WE WILL NOT

SUE YOU FOR IT. IF YOU DO NOT PAY THE DEBT, WE MAY CONTINUE TO REPORT

IT TO THE CREDIT REPORTING AGENCIES." Doc. No. 43-1; *see also* Doc. No. 35 at 4.

Nowhere in that disclaimer does Chase expressly state that the statute of limitations has expired

on Sanchez's debt.[4] Chase merely represents to Sanchez that it will not sue her for that debt due to its age—a representation that could conceivably reflect Chase's risk-averse policy for debts that *may* be past the statute of limitations. Thus, to the extent that Sanchez relies on Chase's debt collection letters as confirmation that the statute of limitations of her debt is not in dispute, that argument is unfounded.

Because Chase's debt collection letters did not contain a representation that the statute of limitations has expired, I next turn to the question of whether the statute of limitations on a debt is "objectively and readily verifiable" information that the defendants are required to report. *See Sessa*, LLC, 74 F.4th at 42. Other courts, confronted with the question whether the FCRA requires furnishers and CRAs to report the expiration of a statute of limitations on a debt, have concluded that there is no such obligation. *See e.g.*, *Holland v. Chase Bank USA, N.A.*, 475 F. Supp. 3d 272, 277 (S.D.N.Y. 2020) (furnisher had no obligation to report statute of limitations expiration for a debt); *Ostreicher*, 2020 WL 6809059, at *5 (furnisher was not obligated to report "past due" balances and also not required to mark the account as disputed when there was no "meritorious or *bona fide* dispute") (citation omitted); *see also, e.g.*, *Barsky v. Experian Info. Sols., Inc*, 2016 WL 4538526, at *2 (E.D. Mo. Aug. 30, 2016) (dismissing plaintiff's claim "that the debts are unenforceable because any collection actions on them would be time-barred" because "whether a debt is enforceable is a matter of law that can only be resolved in court"). For example, in *Holland*, another court within this circuit held that "whether [the furnisher] had lost its right to collect on [the plaintiff's] debt presents a legal question, not a fact about the debt

---

[4] In a post-hearing submission, Sanchez argues that, during the hearing, Chase admitted that there was a choice-of-law provision in the card member agreements issued by Chase stating that Delaware law applies. *See* Doc. No. 65; Doc. No. 68. Delaware has a three-year statute of limitations. *See* Doc. No. 68 at 3. That admission is not an admission that the statute of limitations had expired *on Sanchez's debt* because the admission only answers one part of the statute of limitations issue—what state law applies. There is still the potentially tricky legal question of the date of accrual.

itself." 475 F. Supp. 3d at 277. Thus, the court in *Holland* reasoned, "the obligation of furnishers . . . and consumer reporting agencies to ensure an accurate factual report of debts incurred does not include an obligation to ensure that debts they report would survive any and all legal challenges." *Id.*; *see also id.* (collecting cases). Indeed, at oral argument, counsel for Sanchez acknowledged that no other court has concluded that the FCRA requires furnishers and CRAs to report the expiration of the statute of limitations on a debt. *See* Doc. No. 67 at 12.

Sanchez argues that the omission of information regarding the statute of limitations is "materially misleading." *See* Doc. No. 35 at 5-10. Although Sanchez is correct that the FCRA can permit a cause of action for incomplete but technically accurate information, the reporting here was not materially misleading. *See Shimon*, 994 F.3d at 91 ("[A] credit report is inaccurate either when it is patently incorrect or when it is misleading in such a way and to such an extent that it can be expected to have an adverse effect.") (quoting *Khan v. Equifax Info. Servs., LLC*, 2019 WL 2492762, at *3 (E.D.N.Y. June 14, 2019)); *see also Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1163 (9th Cir. 2009). Here, the availability of a statute of limitations defense to the debt does not extinguish Sanchez's debt or eliminate the possibility that she might be obligated to pay it. "The statute of limitations creates a defense to an action. It does not erase the debt. Hence, the defense can be lost" by waiving the defense, such as "by an unequivocal acknowledgment of the debt . . . an unqualified recognition of the debt, or a payment on [the] account." *Ajluni v. Chainani*, 184 Conn. App. 650, 655-56 (2018); *see also Holland*, 475 F. Supp. 3d at 277 (A "statute-of-limitations-based dispute challenges only Chase's ability to obtain a judicial remedy for the outstanding debt, not the factual accuracy of the size or existence of the debt itself."). By comparison, the reporting of Sanchez's debts could have been materially misleading if, for example, Sanchez's "credit reports incorrectly listed monthly payment

amounts that [she was] not obligated to make." *Ostreicher*, 2020 WL 6809059, at *5. However, "[m]erely listing a past due balance—an undisputed legal obligation—for a charged off account," as the defendants did in the case at bar, "is quite different than incorrectly reporting a future monthly responsibility when such requirement no longer exists." *Id.* (quoting *Artemov v. TransUnion, LLC*, 2020 WL 5211068, at *5 (E.D.N.Y. Sept. 1, 2020)).

My holding in the case at bar is that the determination of which state's statute of limitations applies, the date of a debt's accrual (including whether an acknowledgement of the debt has altered that date), and whether the debt is time barred under the state's statute is not a "straightforward application of law to facts." *Mader*, 56 F.4th at 270. However, even if the determination of the expiration of the statute of limitations were straightforward as Sanchez suggests, her credit reporting would still not be materially misleading. Credit reports typically include, *inter alia*, a list of an individual's debts, as well as that individual's personal information, including address. *See* "Learn About Your Credit Report and How to Get a Copy," USA.Gov., https://www.usa.gov/credit-reports (last accessed September 14, 2023); "Exploring Your Credit Report," TransUnion, https://www.transunion.com/how-to-read-your-credit-report (last accessed September 14, 2023). Assuming *arguendo* that all that is needed to determine the expiration of the statute of limitations is the age of the debt and the debtor's address, that information is already reported on Sanchez's credit report. As shown below, Sanchez's credit reports regarding the debt at issue include the date of the last payment and the date of the delinquency.[5]

---

[5] Because Sanchez's complaint "relies heavily upon" her credit reports' "terms and effect," those credit reports are "integral to the complaint." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002). Accordingly, I can consider the reports when ruling on the motions to dismiss. *Id.*





Therefore, even if determining the statute of limitations *was* a "straightforward application of law to the facts," Sanchez's credit report would not be materially misleading because the credit reports already include information such as the date of the last payment and the date of the delinquency. In other words, a reader of the credit report could ascertain that the debt might be time barred based on information already available in the credit reports.

Moreover, to the extent that Sanchez wants readers of her credit reports to know that she disputes the information contained in them, she is "not without a remedy." *Freeman v. S. Nat. Bank*, 531 F. Supp. 94, 96 (S.D. Tex. 1982). Section 1681i of the FCRA provides a method by which a consumer can dispute "the completeness or accuracy of any item" on her credit report, and in response the CRA "shall," *inter alia*, "record the current status of the disputed

information." 15 U.S.C. § 1681i(a)(1)(A); *see also Sessa v. Linear Motors, LLC*, 576 F. Supp. 3d 1, 10 n.9 (S.D.N.Y. 2021), *vacated on other grounds*, *Sessa v. Trans Union, LLC*, 74 F.4th 38 (2d Cir. 2023) ("Because Congress prescribed a specific mechanism for consumers to redress such errors, *see* 15 U.S.C. § 1681i(a)(1)(A), it stands to reason that consumers and furnishers could remedy a dispute absent judicial intervention, which would explain the dearth of contrary precedent.").

In the instant case, Sanchez, in effect, asks this Court to hold that the disclaimer Chase included in its debt collection letter—a boilerplate disclaimer required by a consumer protection statute—triggers an obligation on Chase's part to investigate the legal question whether Sanchez can raise a statute of limitations defense to her debt if Chase sues her for it. Furthermore, Sanchez also asks this Court to hold CRAs liable for not modifying their reporting of her debt, where the only information those CRAs were given was the bank's inclusion of a statutory disclaimer in its debt collection letter for that debt. Those arguments are unsupported by the purpose of the FCRA and by the precedent in this circuit. Accordingly, Sanchez's complaint is dismissed for failure to state a claim.

## IV.    Conclusion

For the foregoing reasons, Chase's motion to dismiss, doc. no. 26, is **granted**; the CRA defendants' amended motion to dismiss, doc. no. 42, is **granted**; and the CRA defendants' first motion to dismiss, doc. no. 40, is **denied as moot**.

Accordingly, this case is **dismissed without prejudice**. Sanchez has **twenty-one (21)** days within which to file an amended complaint curing the legal deficiencies identified in this Order. If no amended complaint is filed within twenty-one days, **the dismissal shall be with prejudice**. In that event, the Clerk will close this file.

13

So ordered.

Dated at Bridgeport, Connecticut, this 15th day of September 2023.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge